# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Jerome Curry, | ) |
| Petitioner, | ) Case No. 0:20-cv-2656-TMC |
| vs. | ) **ORDER** |
| Al Cannon County Jail, | ) |
| Respondent. | ) |

Petitioner Jerome Curry, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner seeks habeas relief from an indecent exposure conviction in South Carolina state court for which he claims to have received a time-served sentence, but which resulted in his having to register as sex offender. *Id.* at 3, 5. Petitioner alleges that counsel incorrectly advised him that he would not be subject to the sex offender registration requirement if he entered a guilty plea. *Id.* at 5. Based on Petitioner's allegation that he received a time-served sentence, Petitioner is not currently in custody based on the indecent exposure conviction at issue here.[1]

---

[1] Petitioner does not indicate the date of his conviction. The magistrate judge took judicial notice, based on the South Carolina public index, that Petitioner was charged with indecent exposure in 2011, pled guilty in 2012, and received a 90-day sentence. (ECF No. 7 at 1 n.1).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 9, 2020, the magistrate judge issued a Report and Recommendation (the "Report"), concluding that the court lacks jurisdiction over this § 2254 action because Petitioner is not in custody on the indecent exposure conviction and recommending that the court dismiss the petition without prejudice and without requiring Respondent to file a return. (ECF No. 7 at 3). On September 9, 2020, the Report was mailed to Petitioner at the address he provided the court, (ECF No. 8), and has not been returned as undeliverable. Therefore, Petitioner is presumed to have received the Report. The Report advised Petitioner of his right to file specific written objections to the Report and of the consequences of failing to do so. (ECF No. 7 at 4). Plaintiff did not file objections to the Report, and the time for doing so has now expired.

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 7), which is incorporated herein by reference. Accordingly, Petitioner's § 2254 petition (ECF No. 1) is **DISMISSED** without prejudice and without requiring Respondent to file a return.

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
October 27, 2020